Good morning, Your Honors. May it please the Court for the trustee and appellant Ed Hayes of Marshack Hayes. Your Honor, there are two very important issues raised by this appeal that are important to bankruptcy courts across this circuit. Can you tell us how we can decide this case when there is one person standing here and the other one says I don't care and I've gotten all my money? Exactly. And that's actually the first thing I was going to talk about because I think it is important and there is a very simple answer to it. The bankruptcy stay in section 362A3 protects property of the estate from creditors. The bankruptcy code says that the stay as to property of the estate continues until it is no longer property of the estate and that is section 362C1. In this particular case, Judge Kwan's order from the bankruptcy court concludes that the stay terminated in its entirety even with regard to property of the estate. So the trustee concluded the sale of the property, Helvetica, the appellee was paid, they don't care anymore. But the trustee has a real cognizable continuing interest in protecting those net sales proceeds from other creditors of this bankruptcy estate. I thought there was something in the record that suggested, well, first of all, this proceeding was only between Helvetica and the trustee, right? That was correct, Your Honor. And nobody else is complaining? Well, nobody is complaining except the trustee who is left trying to administer a bankruptcy estate with an existing court order that says the stay has terminated with respect to the estate. And the trustee is a sitting duck, if you will. And this is not just conjecture because even though it's not part of this record, let me give you a very real example of how this is not just conjecture because it did happen. The debtor is Gail Mullen. Her former husband, Steve Mullen, has a family law court order that says Gail owes him a certain amount of money. The bankruptcy code renders that family law claim automatically non-dischargeable. So Steve Mullen, the creditor, ex-husband, served the trustee in this case with a writ of execution. And so while it is not before this court, the trustee is the sitting duck who is continuing to fight off efforts of creditors to take the property of this bankruptcy estate that has been left exposed by Judge Kwan's ruling. So in the case that the court noted in the order entered last week about whether or not this appeal is moot, the Village of Yambrell case, there was no cognizable continuing property interest at risk because the aboriginals who had sued the government over whether or not they had property rights in the Outer Continental Shelf in Alaska, the lease between the government and the oil drilling company had resolved itself. The oil drilling company had released its property rights under Lease 57. And what you ended up with was a truly moot issue where nobody else had any property rights at stake. Well, I guess maybe you would need to bring an action in against whoever it is who's trying to get a hold of this money. But right now we have a case between you and nobody. Well, it's not exactly true because the trustee has suffered the short end of Judge Kwan's ruling that left the property of the bankruptcy estate exposed. So while there's no other party to this appeal complaining because they have already been paid because the trustee concluded to sell the property and paid them, the trustee suffered the adverse, you know, the effects of this adverse ruling, which we believe should not have been made. And for the reasons set forth in the brief, and I'd like to get to the merits if we have time today. And I suppose, I mean, there may well be a procedural way that you could have done this. You could have tried to implead the other creditors as indispensable parties. Or you could bring an action against whoever it is who's trying to get the money and say they're not entitled to the money because the estate should never have been terminated. But I just have a hard time understanding how you can be litigating against nobody. Well, we're not really litigating against nobody. What we're litigating against is the adverse effects of a court ruling which has left the property of the bankruptcy estate exposed. And if we were to have brought a collateral proceeding to determine that the levying creditor was not entitled to levy, the order that Judge Kwan entered, if we did not appeal it and continue to appeal it before you today, would be the end of that court ruling. Well, only if it ran to somebody other than Helvetica, which it's not clear to me that it does. Well, the bankruptcy is subject to a court ruling. At least as a matter of race to the caught. I mean, in other words, it may run to somebody, but it's – but it seems to me that nobody else could – I'm not at all clear to me that anybody else could have prevented you from trying to litigate that against them when they had not appeared before. Well, and I think it would have been extremely unlikely that Judge Kwan himself would have reached a contrary ruling because he said he felt he was bound by decisions of the bankruptcy appellate panel. And while he had a different thought on the outcome of this case, he felt he was – you know, he had no choice but to follow the Reswick decision. So we know how that would have turned out. And the only real way that we get any meaningful relief from that order and from being left – you know, having property of the estate exposed, was to appeal that very order. And that's why we are here today is to continue to allow the trustee to discharge his duty, to protect the estate property, to provide the routable distribution to all of the estate's creditors and not just the – you know, the first one that races to the courthouse. There is a continuing contract. But won't those people that you say may be racing to the courthouse be subject to an appellate decision without ever having been – had this controversy fairly before them? I mean, fairly raised in front of the bankruptcy judge. I don't think that's the case, Your Honor, because there's – they certainly could have joined in the underlying proceedings. But they thought they won, so they don't have any motivation to do that. But if this court makes a pronouncement that they're – that the Reswick decision is wrong and, for example, Judge Clarkson's decision in the Reiner case from the very same division of the bankruptcy court in Santa Ana that comes out a few months later, which again was my case, I've won this issue for a trustee and I've lost this issue for a trustee. So, you know, we need you guys to really be the tiebreaker here and step up and say, you know, which is it? Is it the Reswick decision or is it the Reiner decision? But at the end of the day, if we have a situation where a creditor believes that it was not subject to the state, they could have brought such a motion. They could continue to bring such a motion. What this court is asked to do is reverse the order of the bankruptcy court. And by reversing the order of the bankruptcy court, if it's possible for a creditor to take up the issue, they can take it up. But if this court says Judge Clarkson had it right in the Reiner case and Reswick was wrong, therefore the order of Judge Kwan is reversed, I think it probably ends the discussion. But do you have any examples in the bankruptcy context? I understand that mootness is somewhat different in the bankruptcy context. But do you know any cases that are similar to this? I mean, this is not an – the underlying issue case here was not exactly an adversary proceeding. Is that right? What would you call that proceeding, the one between you and Helvetica? I would call it a contested matter. In the bankruptcy court, things that are not adversary proceedings, which are complaints and answers, basically motion practice is called a contested matter under Rule 9014 of the Federal Law. All right. Well, I mean, it doesn't seem like it would be unique that there would be a circumstance in which one creditor raises a contested matter that could also affect other creditors, but the other creditors don't appear. Do you know any cases that deal with the question of what happens if that creditor is then satisfied? I'm not personally aware of any published cases that jump to mind. It seems like it should be a fairly common occurrence. Well, a lot of things in bankruptcy do affect everybody, and that's why there's very specific notice requirements in Rule 2002 of the Federal Rules that you have to serve all creditors with notice. The point is, if because we don't have adversary parties in front of us, if we say, look, this is moot, okay, then what happens is it gets vacated all the way down, right? Correct. So we vacate the bankruptcy court's order and such. I'm sorry, Your Honor, maybe I didn't follow the question. You said if it's moot. If it's moot, we vacate the bankruptcy court's order.  No, no, no, no, no, no. Finish, please. Let's say for a second, for a moment, let's say this had come to the BAP and then to us, that we're in that thing, and we say it's moot. If we say it's moot, then we do have some kind of choice, but it seems to me the situation is we vacate the BAP's order, we vacate the bankruptcy court, we vacate everything. The case is gone. There is no ruling, period, by anybody. So your party is not bound by the bankruptcy court order. Nobody is bound by it at this point. It's a non-decision. And maybe that's the part I had not thought of. All the way down because there's not an adverse. That's what advisory opinion is about. People always like advisory opinions. It would be great if we could give you advisory opinions. But if we say, no, I'm sorry, it's moot, we're not giving an advisory opinion because it's moot, then we vacate the whole thing. Everything is vacated. There's no decision for anybody or again anybody. And, Your Honor, maybe the point of law. And so you're back to go is all. You're back to square one. And maybe that's the point of law that I, you know, obviously didn't brief it, but it's the point I'm not familiar with, and that is if you guys determine it's moot, if this Court determines it's moot, does the bankruptcy court order actually? Well, the answer, I believe, and this is the problem about operating with one person on one side, is that we can, there are circumstances in which we can do that. But we don't necessarily automatically do it. We generally do it unless the party that made it moot is what's caused the problem. But that's not really our case here, is it? Correct. You guys didn't make it moot, I take it. No, we didn't.  Well, you kind of did make it moot. So if we vacate the thing all the way down, then you're just left with nothing. And that's what mootness does in general, leaves you with nothing. Although, I mean, I do have a question in that regard, which is you didn't really have to, I mean, by paying these people, you made it moot. If you had held back 50 cents, it wouldn't have been moot. And I'm wondering why you did that. Well, we had an order of the bankruptcy court that had said they could foreclose if they weren't paid by a certain date and time. So we had to close the sale and pay them by a certain date and time. There is a minor issue worth mentioning on this point. We contested the amount of attorney's fees that they included in the payoff demand. It was substantially higher, like $50,000, and we thought it should have been about $10,000 as a result of this briefing. So we reserved the right to contest that, but to prevent the foreclosure, we paid it. That issue remains existing, and we have not yet brought or agreed not to bring any matter contesting the amount of attorney's fees seeking return of the money. So you didn't pay the fees. We did pay the fees. You did pay the fees. We paid them in full to avoid the foreclosure, reserving the right to contest them later. And that right remains existent today. But that would be based on the amount of the fees, not on the fact that there should have been a stay order. That is correct. All right. Do you want to very briefly in your two minutes and 46 seconds tell us about the merits? I think this issue can and should be resolved, and we've discussed as much as I'm going to be able to argue today on the issue of mootness. But I think there was a very simple way for Judge Kwan to have avoided a ruling against us when he obviously wanted to, and the record reflects that from the transcripts. The Reswick decision does not address the Section 362c1 argument that the stay as to property of the estate continues until it's no longer property of the estate. And the plain language of the statute starts out by noting, quote, except as provided in subsections D, E, F, and H, the stay as to property of the estate continues until it's no longer property of the estate. The statutory interpretation in Reswick was focused on Section 362c3, which is notably absent from the exceptions in c1. So if Reswick were to be correct, you would expect c1 to start out, except as provided in c3, D, E, F, and H. And that's not the case. So if you read Section 362c as a whole, the stay as to property of the estate will remain until it's no longer property of the estate. And that was not the case here. When arguing before Judge Kwan, my pitch to the Court was Reswick doesn't address this issue. And so it's not stated. Kagan. I mean, that may mean it's a bad statutory interpretation, but it's still a statutory interpretation. Well, but it wasn't a statutory interpretation that squarely confronted why c1 does not resolve the issue. Reswick is silent. But the problem is that when, if that was in fact binding precedent, we have that problem all the time. You have binding precedent in which you could have done a better job because you noticed something else. Right? I mean, you meaning us. Another panel comes along and says, oh, they forgot about X. That doesn't make a not binding precedent. If it's a ruling as to the, a bottom line ruling as to the meaning of a statute, even though they could have done a better job. Well, and I'm not arguing somebody could have done a better job or not done a better job. And there's Ninth Circuit case law, I think it's pikeish, that we cited in the briefs that say if a court reaches a decision without squarely confronting an issue and resolving the issue. But it isn't that they didn't resolve. I mean, it's true when it's a separate issue. But here what you're saying is it's a reason why the statutory interpretation should have been otherwise. So whether I'm right or whether I'm wrong, I think it was a nonbinding unstated assumption in Reswick that c1 does not compel a different resolve. But even if the Reswick decision, you know, is precedent on this issue, then we jump to the next issue, which are whether BAP decisions are binding or not. And we've got multiple bankruptcy orders. Well, is it really clear that Judge Kwan thought it was? I mean, my understanding of how bankruptcy judges think about this is we all understand they're not binding. But we all think that it is our policy to follow them. Now, how do you know that isn't what he was doing? Well, it's really not. And there's other issues that are coming up the pike that this Court will be addressing soon on absolute priority in Chapter 11 cases regarding individuals. But the point is there's an ongoing dispute amongst judges whether or not BAP decisions are binding. So you have conflicting bankruptcy court-level decisions. You have bankruptcy court conflicting with the BAP decisions. You've got people doing whatever they want to do in some circumstances and in other circumstances feeling compelled like their hands are tied and this is binding as opposed to their interest. No, but what I'm asking you is how do we know that Judge Kwan in this instance regarded the BAP decision as binding as opposed to it is my policy to follow BAP decisions? Well, he specifically said so. And I think it shows up in the transcript where he said, you know, I frankly feel like this issue would have turned out a different way. But, you know, the BAP said what it said and I have to follow that. He said I have to follow it? We cited the quote in our briefs. And I'll see if I can find it quickly in my notes. But the Court specifically, and then I was at oral argument, I recall it, said, he says, quote, even though the Court may entertain other views of how the case should come out, close quote. So he said that in reference to my argument, the BAP decisions were not binding. But he could reach a contrary result even if this was not an unstated assumption. He could just say I disagree. And he disagreed and he said even though I have my own ideas as to how this should come out, I'm in essence going to follow what the Court did in Reswick. He did feel bound by the decision in Reswick. Okay, let me ask you one final question. Sure. If we felt we needed a briefing on the mootness question, would you be prepared to do that? Absolutely. Okay. I would love the opportunity. Thank you very much. Thank you very much, Your Honor. Thank you to Mr. Hayes for his argument in the Marshak case. And we are finished for the day. Thank you all.
judges: Hernandez, Fernandez, Berzon